UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DYLAN JENELLE THREADGILL,

      Plaintiff,

v.                              Case No. 3:20cv5606-TKW-HTC

PAMELA DENNARD,
M. SPEARS,
MILLS-PENINSULA HEALTH SERVICES,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil rights complaint purportedly based on 28 U.S.C. §§ 1331 and 1332. ECF Doc. 1. Upon review of the complaint, it appears this case should be transferred to the United States District Court for the Northern District of California.

## I.    THE COMPLAINT

Plaintiff's complaint names three (3) defendants: (1) Pamela Dennard; (2) Officer M. Spears; and (3) Mills-Peninsula Health Services ("MPHS"). ECF Doc. 1. Plaintiff alleges that Spears lives in San Francisco, California and MPHS is located in San Mateo, California. Both San Francisco and San Mateo are within the jurisdiction of the Northern District of California. Plaintiff resides in Gulf Breeze, Florida, and Defendant Dennard resides in Gulf Breeze, Florida.

The crux of Plaintiff's complaint arises out of events that took place in San Francisco, California.  Namely, Plaintiff alleges that in January 2020, he was "taken by force from the San Francisco airport" and detained.  ECF Doc. 1 at 4.  Although no one had "any grounds for restraining" Plaintiff, he was "handcuffed, tased (sic), strapped to a gurney, deprived of all stimulation, threatened with drugs by nurses, misdiagnosed and threatened with court mandated prescriptions by doctors, denied communications protections and forced into purchasing a flight in order to be discharged from the hospital."  *Id.* at 4, 5.

## II.    ANALYSIS

Under 28 U.S.C. § 1391(b), which applies to actions brought under 28 U.S.C. §§ 1331 and 1332,[1] a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b); *New All. Party of Alabama v. Hand*, 933 F.2d 1568,

---

[1] Plaintiff has checked both "federal question" and "diversity jurisdiction" on the complaint form. However, because Defendant Dennard is alleged to also be a resident of Florida, there would be no diversity jurisdiction.

1570 (11th Cir. 1991) (explaining that venue was governed by 28 U.S.C. § 1391(b) in the case, which was brought pursuant to 28 U.S.C. § 1331).

Here, Plaintiff alleges that two (2) Defendants are residents of California and one (1) Defendant is a resident of Florida. Thus, 28 U.S.C. § 1391(b)(1) does not apply. Rather, under section 1391(b)(2), a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California. Thus, venue is proper only in the Northern District of California. 28 U.S.C. § 1391(b)(2). Additionally, because section 1391(b)(2) applies, subsection 1391(b)(3) does not come into play.

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rather than dismissing the action, the undersigned recommends the case be transferred to the Northern District of California.

Also, even assuming that venue is proper in this district, the Court may still transfer the case to the Northern District of California for convenience of the parties. 28 U.S.C. § 1404 provides that, "for convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which

all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982).

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; and (3) the cost of obtaining attendance of willing witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer. Notably, as stated above, the events giving rise to Plaintiff's claim occurred in the Northern District of California; thus, any witnesses or documents related to the incident would be located in the Northern District of California. Also, as stated above, two (2) of the three (3) Defendants are located there.

Finally, the district court may transfer an action *sua sponte* as long as the parties are afforded notice. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). This report and recommendation provides such notice. *See Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (affirming *sua sponte* transfer

where the plaintiff was "given an opportunity to voice his objections to a transfer, which the district court considered and rejected"); *Keenan v. Jones*, 2019 WL 7576343, at *2 (N.D. Fla. Oct. 8, 2019), *report and recommendation adopted*, 2019 WL 5692652 (N.D. Fla. Nov. 1, 2019) (recommending that an action be transferred *sua sponte* and specifically noting "[s]hould Plaintiff object to this recommendation, he must file objections as explained below in the Notice"); *Beard v. Clay Cnty. Circuit Court*, 2018 WL 6313473, at *1 (N.D. Fla. Oct. 18, 2018), *report and recommendation adopted*, 2018 WL 6305669 (N.D. Fla. Dec. 3, 2018) (recommending that an action be transferred *sua sponte* and affording the plaintiff an opportunity to object).

Accordingly, it is respectfully RECOMMENDED:

1.    That the clerk TRANSFER this case to the United States District Court for the Northern District of California.

2.    That the clerk close the file.

At Pensacola, Florida, this 20th day of July, 2020.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.